UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>JOSEPH NATHANIEL JOHNSON,<br><br>Petitioner/Defendant. | Case No. 2:15-cr-00295-KJD-CWH-1<br>No. 2:20-cv-01147-KJD<br>ORDER |

Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Criminal Conviction and Sentence under 28 U.S.C. § 2255 (#33) and Movant's Supplement to Motion to Vacate (#35). The Government responded in opposition (#38) to which Movant replied (#39).

I.     Factual and Procedural Background

On July 17, 2015, Movant Joseph Nathaniel Johnson ("Johnson" or "Defendant") entered a U.S. Bank in Las Vegas and approached the teller. Johnson pulled out a note from his pocket that read something to the effect of "give me your 100's, 50's, 20's, 10's and 5's." Johnson told the teller he had a gun. The teller collected $865 in total and provided it to Johnson, who placed the money in a bag and fled the bank. He did so again at another bank, this time showing the teller his gun. He was eventually arrested by the FBI.

On November 12, 2015, Johnson pled guilty to one count of possession of a firearm during and in relation to "a crime of violence" (specifically armed bank robbery) in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He was sentenced to 300 months of imprisonment and three years of supervised release.

Johnson brings the present motion asking the Court to vacate his sentence in light of recent Supreme Court decisions. Johnson argues that pursuant to United States v. Davis, 139 S. Ct. 2319 (2019), armed bank robbery is not a crime of violence. Johnson also argues armed bank

robbery is not a crime of violence under Borden v. United States, 141 S. Ct. 1817 (2021).

II.     Legal Standard

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

Section 924(c) carries heightened criminal penalties for defendants who use, carry, or possess a firearm during and in relation to a "crime of violence." Section 924(c)(3) provides:

> the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause is considered the "elements clause" and the second is considered the "residual clause." On June 24, 2019, the Supreme Court held in Davis, that the "residual clause" in the definition of a "crime of violence," 2018 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. Davis, 139 S. Ct. at 2336.

The Ninth Circuit has held, post-Davis, by clear and binding mandate, that armed bank robbery is a crime of violence under the elements clause. Young v. United States, 22 F. 4th 1115, 1122-23 (9th Cir. 2022); see also United States v. Watson, 881 F.3d 782 (9th Cir. 2018).

In 2021, in Borden, the Supreme Court was tasked with determining "whether a criminal offense can count as a violent 'felony' if it requires only a mens rea of recklessness– a less culpable mental state than purpose or knowledge." Borden, 141 S. Ct. at 1821. The answer is no. The Court made clear that "[p]urpose and knowledge are the most culpable levels in the criminal law's mental-state 'hierarchy'" and "[r]ecklessness and negligence are less culpable mental states[.]" Id. at 1823. Specifically, the Court held that the Armed Career Criminal Act ("ACCA")

1  elements clause (18 U.S.C. § 924(e)(2)(B)(i)) does not encompass crimes with a mental state of
2  recklessness. Id. at 1835.
3      III.    Analysis
4      **A. Davis Decision**
5      Johnson argues that his sentence should be vacated because it violates his constitutional
6  rights pursuant to the Supreme Court's decision in Davis. (#33, at 1). He argues that armed bank
7  robbery is not a crime of violence under the elements clause. Id. at 2-3.
8      The Ninth Circuit has made clear that "'armed bank robbery is a crime of violence under the
9  [elements] clause' of § 924(c)(3)(A), which is still valid under Davis." Young, 22 F. 4th at 1122.
10  This ruling is binding on this Court and directly contradicts Johnson's argument.
11      **B. Borden Decision**
12      Johnson also relies on the recent Supreme Court ruling in Borden to argue that "to meet the
13  elements clause, a predicate offense must require an intentional mens rea for the use, attempted
14  use, or threatened use of force." (#35, at 3). Because of this, Johnson argues, his § 924(c)
15  conviction sentence is unconstitutional. Id. at 3-4. The Court disagrees.
16      Johnson asks the Court to extend the Borden holding regarding the ACCA elements clause
17  (18 U.S.C. § 924(e)(2)(B)(i)) to § 924(c) because of the nearly identical elements clause– "use,
18  attempted use, or threatened use of physical force against the person or property of another." 18
19  U.S.C. § 924(c)(3)(A). Johnson argues that Borden stands for the proposition that "the elements
20  clause mandates the predicate offense statute must require 'a deliberate choice with full
21  awareness of consequent harm' against 'the object of the intentional act.'" (#35, at 5). Or in other
22  words, that Borden limits crimes of violence to specific intent crimes. Johnson asserts that armed
23  bank robbery lacks the necessary mens rea under Borden. He argues that armed bank robbery is a
24  general intent crime requiring proof only that "the defendant possessed knowledge with respect
25  to the actus reus of the crime[.]" Id. at 6. He asserts that knowledge equates with recklessness
26  and therefore cannot be considered a crime of violence under Borden.
27      However, Borden has no effect on Johnson's case because bank robbery requires more than a
28  mens rea of recklessness. Specifically, the Ninth Circuit held in Watson that bank robbery "must

- 3 -

1  at least involve the knowing use of intimidation, which necessarily entails the knowing use,
2  attempted use, or threatened use of violent physical force." Watson, 881 F.3d at 782. Further,
3  Borden squarely held that the elements clause in the ACCA "covers purposeful and knowing
4  acts, but excludes reckless conduct[.]" Borden, 141 S. Ct. at 1826. This flatly contradicts
5  Johnson's assertion that a knowing mens rea equates with recklessness. The Court went on to
6  explain that purposeful *and* knowing conduct is obvious and sufficient under the elements clause.
7  Id.

8  IV.    Certificate of Appealability

9  Finally, the Court must deny a certificate of appealability. To proceed with an appeal,
10 petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P.
11 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United
12 States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a
13 substantial showing of the denial of a constitutional right" to warrant a certificate of
14 appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).
15 "The petitioner must demonstrate that reasonable jurists would find the district court's
16 assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484).
17 To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are
18 debatable among jurists of reason; that a court could resolve the issues differently; or that the
19 questions are adequate to deserve encouragement to proceed further. Id. Johnson has not met his
20 burden in demonstrating any of the above. The Ninth Circuit has disposed of his arguments in
21 clear fashion.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

V.    <u>Conclusion</u>

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#33) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, No. 2:20-cv-01147-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

DATED this 5th day of July 2023.

_____
Kent J. Dawson
United States District Judge